713 S.E.2d 294

In the Matter of Gwendolyn Long **ROBINSON**, Respondent.

**No. 27002.**

Supreme Court of South Carolina.

Submitted June 14, 2011.

Decided July 11, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Susan B. Hackett, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Gwendolyn Long Robinson, of Mount Pleasant, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of

an admonition, public reprimand, or definite suspension not to exceed nine (9) months. In addition, respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of this matter. We accept the Agreement, issue a public reprimand, and order respondent to pay the costs in this matter within thirty (30) days of the date of this opinion. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent represented the plaintiff in an action brought in the United States District Court for the District of South Carolina; Complainant represented the defendants in the suit. The suit alleged a violation of the plaintiff's civil rights.

Respondent interviewed Witnesses A and B and prepared affidavits for the witnesses based upon her interviews. Respondent faxed the affidavits to the witnesses and requested they call her if they had any problems with the affidavits. Respondent did not receive a call from either witness.

On June 18, 2010, respondent filed the two affidavits with the court in support of her Motion in Opposition to Complainant's Motion for Summary Judgment. One of the affidavits purported to contain the sworn testimony of Witness A. The affidavit was not signed by Witness A. Instead, respondent affixed the following to the signature line: "/s/ Witness A." Respondent then typed her name as the notary public for the document with a date of June 17, 2010.

The other affidavit purported to contain the sworn testimony of Witness B. The affidavit was not signed by Witness B. Instead, respondent affixed the following to the signature line: "/s/ Witness B." Respondent then typed her name as the notary public for the document with a date of June 17, 2010.

Neither Witness A nor Witness B personally appeared before respondent on June 17, 2010, and neither signed the affidavits on June 17, 2010. When respondent affixed her name as the notary, she indicated the affiant personally appeared before her and attested to the veracity of the contents of the document. This was not true.

On June 24, 2010, respondent met with Witness A and Witness B. One of them confronted respondent regarding the

affidavits. Both insisted respondent make amendments to the contents of their affidavits. Respondent made the amendments. Both then signed the affidavits and respondent filed the amended affidavits. Respondent admits the requested changes weakened her client's position.

On June 25, 2010, Complainant obtained affidavits from Witness A and Witness B indicating they did not sign the affidavits purported to be signed by them on June 17, 2010. Complainant filed a motion with the court asking the court to disregard the documents. The court did not issue a decision Complainant's motion because the case settled.

The use of "s/" followed by a name indicates that the document is a copy, the original contains an original signature, and the copy has been conformed to match the original by use of the symbol. Thus, when respondent typed "/s/" followed by the names of Witness A and Witness B on the affidavits, she represented to the court that these individuals had signed original affidavits and she was merely conforming the copies to the signed originals. Respondent admits this was a misrepresentation to the court as signed originals did not exist on June 17, 2010, or June 18, 2010, when the affidavits were filed.

The United States District Court for the District of South Carolina has established Policies and Procedures for e-filing. Section 10.5 of the ECF Policies and Procedures manual provides that "documents containing the signature of persons other than *Filing Users* are to be filed electronically as a scanned image." Additionally, the United States District Court for the District of South Carolina has published an Attorney's Manual. Section 7 of the Manual explains that "[s]ome documents which bear the signatures of persons other than the particular *Filing User* who filed the document (including other Filing Users) must be electronically filed as scanned images (e.g., affidavits)." Therefore, the federal court's Policies and Procedures required respondent to file scanned images of the originally signed affidavits, not copies with conformed signatures.

## LAW

Respondent admits that, by her misconduct, she has violated the Rules of Professional Conduct, Rule 407, SCACR,

particularly Rule 3.3 (lawyer shall not knowingly make false statement of fact to tribunal or fail to correct false statement of material fact previously made to the tribunal by lawyer); Rule 8.4(a) (it is professional misconduct for lawyer to violate or attempt to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Respondent acknowledges that her misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for her misconduct. Respondent shall pay the costs associated with the investigation and prosecution of this matter within thirty (30) days of the date of this opinion.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur. HEARN., J., not participating.