# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Tiffany Jane' Brown, Respondent.

Appellate Case No. 2023-000205

---

Opinion No. 28139
Submitted February 23, 2023 – Filed March 15, 2023

---

## PUBLIC REPRIMAND

---

Interim Disciplinary Counsel Ericka M. Williams and
Assistant Disciplinary Counsel Phylicia Y. Coleman,
both of Columbia, for the Office of Disciplinary Counsel.

Tiffany Jane' Brown, of Florence, Pro Se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a confidential admonition, a public reprimand, or a definite suspension of up to six months.  We accept the Agreement and issue a public reprimand.

## I.

On July 12-13, 2022, during a trial before a family court judge (Judge), Respondent's former client testified that her signature was not the signature purportedly sworn by notary seal on the financial declaration filed with the court. After the trial, Judge reviewed several cases currently pending before the court wherein Respondent was counsel of record.  Of the cases reviewed, Judge observed at least four documents attested by either Respondent or her non-lawyer

employee as notary publics that appeared to be fraudulent. Thereafter, Judge met with Respondent and presented the documents of concern. Respondent was candid and remorseful about her actions once approached by Judge.

Respondent promptly self-reported the misconduct, admitting that on more than one occasion, she signed legal documents on behalf of her client(s) and notarized the signature purportedly attesting that her client(s) signed the document. Respondent also admitted that she allowed her employee, a non-lawyer under her direct supervision, to notarize Respondent's signature on behalf of her client(s). Opposing counsel submitted a complaint about the same misconduct. In addition, opposing counsel reported three documents in another case in which Respondent allowed her assistant to notarize signatures that were not of the client.

## II.

Respondent admits her conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3(a)(1) (prohibiting false statements of fact to a tribunal); Rule 4.1(a) (prohibiting false statements of fact to a third person); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(d) (prohibiting conduct involving dishonesty); Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

Respondent also admits her misconduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); and Rule 7(a)(5) (providing conduct tending to bring the legal profession into disrepute is a ground for discipline).

In the Agreement, Respondent admits misconduct, consents to the imposition of a confidential admonition, a public reprimand, or a definite suspension of up to six months, and agrees to pay costs. In her affidavit in mitigation, Respondent acknowledges her wrongdoing, explains that she has learned an important lesson, and notes that since this incident, she has attended several educational programs and availed herself of various South Carolina Bar resources for new attorneys. Respondent also acknowledges the wrongfulness of her conduct and emphasizes that she never intended to "mislead, misrepresent, or defraud anyone."

**III.**

We find Respondent's misconduct warrants a public reprimand. *See, e.g.*, *In re Robinson*, 393 S.C. 364, 713 S.E.2d 294 (2011) (publicly reprimanding a lawyer for filing affidavits of witnesses with the lawyer's name as notary when the witnesses did not sign the affidavits). Accordingly, we accept the Agreement and publicly reprimand Respondent for her misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by the Office of Disciplinary Counsel and the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**